Carolyn B. King, Appellant *v.* Housing Authority
of the City of Pittsburgh, Appellee.

Gloria Hudson, Appellant *v.* Housing Authority
of the City of Pittsburgh, Appellee.

Argued March 14, 1985, before Judges MacPhail,
Barry and Colins, sitting as a panel of three.

*Catherine T. Martin,* with her, *Daniel L. Haller,* for
appellants.

*David B. Washington,* with him, *Lawrence K.
Friedman,* for appellees.

Opinion by Judge MacPhail, August 15, 1985:

Consolidated for disposition are the appeals of Carolyn B. King and Gloria Hudson (Appellants) from the orders of the Court of Common Pleas of Allegheny County which entered summary judgment in favor of the Housing Authority of the City of Pittsburgh (Housing Authority).

The Housing Authority operates housing for low and moderate income families. Appellants were tenants of the Housing Authority. Their leases provided, in pertinent part:

8. Termination of Lease

A. Management shall not terminate or refuse to renew this Lease other than for serious or repeated violation of material terms of the Lease such as failure to make payments due under the lease or to fulfill the Tenant obligations set forth herein, or for any other good cause. Management shall refuse to renew this Lease if Tenant is subject to two (2) or more Judgments for Possession in any given year between Annual Reviews.

B. Management shall give written notice of termination of this Lease of:

(i) 15 days in case of failure to pay rent;

(ii) A reasonable time commensurate with the exigencies of the situation in the case of creation or maintenance of a threat to the health or safety of other Tenants or Authority employees;

(iii) 30 days in all other cases.

Appellants each had two judgments for possession entered against them within their Annual Review period.[1] The Housing Authority subsequently sent a

---

[1] Appellants stipulated that both judgments for possession involved the non-payment of rent. All judgments were paid.

notice to Appellants captioned "Notice of Lease Termination". These notices clearly stated that the Housing Authority would not be *renewing* the leases because each Appellant had two judgments for possession entered against them in violation of the lease and that the Housing Authority was exercising its option *not to renew the lease* effective fifteen (15) days after the mailing of the notice. The notices also provided that Appellants had "a right to request a hearing on this *termination.*" (Emphasis added.)

Appellants requested and received a hearing. On August 3, 1982, the hearing panel determined that the Housing Authority had acted improperly in issuing a fifteen (15) day letter of termination. The Housing Authority appealed to the court of common pleas, which based upon the stipulation of facts entered into by the parties, granted the Housing Authority's motion for summary judgment. The instant appeal followed.

The only issue before us is whether the Housing Authority could properly refuse to renew the leases when it only provided a fifteen (15) day notice. We conclude that it could not.

We have emphasized the words "terminate" and "refusal to renew" because they are different terms and they are treated differently in the language we have quoted from the leases; nevertheless, the Housing Authority, as we have seen, used the terms interchangeably in the notices sent to Appellants.[2] A lease ordinarily may be terminated at any time within the term thereof for proper cause and with proper notice, but the authority not to renew implies that that option may be exercised only at the expiration of the term of

---

[2] It is possible that the Housing Authority did so because there is no specific provision for the notice to be given for non-renewal.

the lease.[3]  Here, since the Housing Authority elected to follow the notice provisions for *termination of the lease* notwithstanding its own characterization of its action as exercising its option not to *renew,* we are compelled to hold that thirty (30) days notice was required since the reason set forth for non-renewal was not non-payment of rent.

Orders reversed.

ORDER

The orders of the Court of Common Pleas of Allegheny County, dated December 10, 1982, Nos. S.A. 633 and S.A. 634 of 1982, are reversed.

Judge COLINS concurs in the result only.

---

[3] Since the leases clearly were monthly leases, a minimum of thirty (30) days notice of non-renewal would be required in the absence of specific language in the lease to the contrary.